**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**CARL WAYNE BROWN,**

        **Petitioner,**

        **v.**                    **CIVIL ACTION NO. 4:05cv41**
                                  **[ORIGINAL CRIMINAL NO. 4:03cr144]**

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION and FINAL ORDER**

     This matter comes before the court on petitioner Carl Brown's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the motion is **DENIED**.

**I. Factual and Procedural History**

Brown was named in a criminal information on December 31, 2003. The criminal information charged Brown with distribution of approximately .42 grams of a mixture and substance containing a detectable amount of cocaine base. Petitioner waived the right to indictment on January 6, 2004. Petitioner pled guilty to the criminal information pursuant to a written plea agreement on January 6, 2004. Under the plea agreement, petitioner waived his right to attack his sentence on direct appeal. (Plea Agreement at 3, ¶ 4).[1] A presentence investigative report ("PSR") was prepared

---

[1] Such waivers are valid in the Fourth Circuit. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1991) (holding a waiver

on February 27, 2004, and an addendum and new information were prepared on March 29, 2004. In the PSR, petitioner was attributed with a total offense level of fifteen after three levels had been subtracted for acceptance of responsibility. Petitioner amassed twenty-two criminal history points for a criminal history category of VI. A sentencing hearing was held on April 6, 2004. At the sentencing hearing the court stated that it was considering an upward departure, because petitioner's criminal history was underrepresented by the sentencing guidelines. The court continued the sentencing hearing until April 19, 2004, and granted both parties one week to file briefs regarding the upward departure. Petitioner filed a brief on April 12, 2004, and the government filed a brief on April 13, 2004.

A second sentencing hearing was held on April 19, 2004. At the hearing, petitioner's counsel, Gretchen Taylor, made extensive oral arguments as to why the court should not upwardly depart. At the conclusion of arguments, the court decided to upwardly depart, by incrementally going up base offense levels, to an offense level of eighteen. Petitioner was sentenced to sixty months incarcera-

---

of direct appeal rights is valid as long as the waiver is knowing and intelligent). No claim or evidence exists here that petitioner's waiver was not knowing and intelligent.

tion and three years supervised release.  Petitioner did not file a direct appeal.[2]

Petitioner timely filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, on April 20, 2005.  The government responded on June 24, 2005.  Petitioner did not reply.  The motion is now ripe for review.

## II. Standard of Review

Petitioner proceeds under 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C.A. § 2255 (2004).

In order to prevail under § 2255, a petitioner collaterally attacking a conviction or sentence must prove by a preponderance of the evidence that his sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack.  See id.; Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).  Because petitioner filed his

---

[2] See supra note 1.  Nor is there a claim here that petitioner requested counsel to appeal.

§ 2255 motion pro se, the court reviews his arguments with appropriate consideration. See Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978)(holding pro se complaints to a less stringent standard than formal pleadings drafted by attorneys).

In deciding a § 2255 motion, the court is not required to hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988); United States v. Rowland, 848 F. Supp. 639, 641 (E.D. Va. 1994). As the matter has been fully and adequately briefed by both parties, the court finds it unnecessary to hold a hearing.

### III.  Analysis

**A.  Ineffective Assistance of Counsel**

Petitioner asserts that counsel was ineffective for failing to object to the upward departure. To prove a claim of ineffective assistance of counsel, petitioner must demonstrate (1) that his attorney's performance was deficient, and (2) that the deficient performance prejudiced the outcome of his case. Lockhart v. Fretwell, 506 U.S. 364, 369 (1993); Strickland v. Washington, 466 U.S. 668, 687 (1984). Under Strickland, an attorney's performance is deficient if it is not reasonable "under prevailing professional norms." Id. at 688. To prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

different." Strickland, 466 U.S. at 694. Failure to show either deficiency or prejudice defeats a petitioner's ineffective assistance of counsel claim; therefore, a court need not address both components if the petitioner makes an insufficient showing on one part of the test. Id. at 697, 700.

According to petitioner, a meeting was held involving the United States Attorney, Ms. Taylor, and petitioner, whereby the United States Attorney told petitioner that, if he pled guilty, his sentence would be 41-51 months and the United States would not seek an upward departure.  Petitioner asserts that counsel was ineffective for not objecting to the upward departure based on this agreement.  Nothing in the record supports petitioner's assertion that such an agreement was made.  In fact, the evidence in the record clearly demonstrates that such an agreement was not made. The plea agreement signed by petitioner gives petitioner notice that the maximum term of imprisonment is twenty years.  (Plea Agreement at 1, ¶ 1).  It informs petitioner that the sentence will be imposed in accordance with the sentencing guidelines and that the court has not yet determined the sentence.  (Plea Agreement at 2, ¶ 4).  It specifically warns petitioner that:

> [A]ny estimate of the probable sentencing range under the sentencing guidelines that the defendant may have received from the defendant's counsel, the United States, or the probation office, is a prediction, not a promise, and is not binding on the United States, the probation office, or the court.  The United States makes no promise or representation concerning what sentence the defendant

>    will receive, and the defendant cannot withdraw a guilty
>    plea based upon the actual sentence.

(Plea Agreement at 2-3, ¶ 4). The plea agreement goes on to state that "the United States has made no promises or representations except as set forth in writing in this plea agreement." (Plea Agreement at 7, ¶ 14). Petitioner's signature is on the plea agreement.

Furthermore, during the guilty plea colloquy, the court asked petitioner whether anyone had made a promise of leniency or promise of any kind not contained in the plea agreement. (Guilty Plea Hearing Tr. at 2, lines 9-11). Plaintiff stated that no promise had been made. (Guilty Plea Hearing Tr. at 2, line 12). Petitioner also averred that he understood that any sentencing recommendation was not binding on the court and that the only thing the court could promise him was that the sentence would not be greater than twenty years. (Guilty Plea Hearing Tr. at 2-3). Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy. Fields v. Attorney Gen., 956 F.2d 1290, 1299 (4th Cir. 1992).

Under this mountain of evidence, counsel could not credibly assert that there was an agreement whereby petitioner would receive a 41-51 month sentence and that the government would not move for an upward departure. Even if counsel should have made such a claim, petitioner can show no prejudice resulting from counsel's

6

failure to make the claim. Petitioner agreed in writing in his plea agreement and orally under oath at the guilty plea hearing that no promises not in the plea agreement were made. Petitioner would have been unsuccessful in asserting such an agreement at sentencing.

Finally, it should be noted that counsel thoroughly objected to the upward departure on other grounds. Prior to the April 19, 2004, sentencing hearing, counsel submitted a brief outlining the reasons why petitioner should not receive an upward departure. At the April 19, 2004, sentencing hearing counsel made extensive oral arguments as to why the court should not upwardly depart. Counsel gave more than effective assistance. Petitioner's § 2255 motion based on ineffective assistance of counsel is **DENIED**.

## B.  Due Process Violation – Notice

Petitioner asserts that his due process rights were violated because the court did not give notice that it would upwardly depart. Petitioner did not assert this claim on direct appeal. Direct appeal is the usual route for correcting trial errors. See Sunal v. Large, 332 U.S. 174, 177 (1947). When a petitioner procedurally defaults by failing to raise a claim on direct review, he may have his claims reviewed in a § 2255 motion under only limited circumstances. To obtain such collateral relief, the petitioner must show "cause and actual prejudice." United States

v. Frady, 456 U.S. 152, 167-68 (1982); Bousley v. United States, 523 U.S. 614, 623 (1998).

Plaintiff did not appeal and makes absolutely no showing of cause as to why he did not present this issue on appeal. Second, and importantly, petitioner cannot show prejudice, because he was given notice that the court was considering an upward departure. A defendant is entitled to reasonable notice of a possible upward departure. See Burns v. United States, 501 U.S. 129 (1991). The PSR indicated that petitioner's past criminal conduct might qualify him for an upward departure. (PSR at 28). Additionally, at the sentencing hearing on April 6, 2004, the court told petitioner that it was considering an upward departure and continued the sentencing to allow counsel to address the issue.[3] Petitioner had an abundance of notice of a possible upward departure and a full opportunity to respond. Thus, petitioner cannot show any prejudice resulting from his procedural default of this claim on direct review. Petitioner's § 2255 motion on this ground is **DENIED**.

## C. Error in Granting Upward Departure

Petitioner asserts that the court was in error for upwardly departing. Once again, since this issue was not raised on any direct appeal, petitioner must show cause and prejudice for his procedural default. See Frady, 456 U.S. at 167-68; Bousley, 523

---

[3] The court then gave petitioner a week to file a brief regarding the potential upward departure and continued sentencing for almost two weeks.

U.S. at 614. Petitioner has made no attempt to show cause.

Petitioner cannot show he suffered actual prejudice. Petitioner's case warranted an upward departure under the sentencing guidelines and the departure was calculated correctly. In order for a sentencing court to upwardly depart it must first identify an aggravating circumstance not adequately addressed by the sentencing guidelines. Second, it must determine that the aggravating circumstance is of such importance and magnitude that the upward departure is warranted. Third, any departure given must be reasonable. See United States v. Cash, 983 F.2d 558, 560 (4th Cir. 1992).

The Sentencing Commission has recognized that at times the sentencing guidelines do not adequately take into account the defendant's criminal history. See United States v. Summers, 893 F.2d 63, 67 (4th Cir. 1990). To remedy this, § 4A1.3 allows upward departures where "reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes . . . ." U.S.S.G. § 4A1.3(1). Petitioner was attributed with twenty-two criminal history points; only thirteen were needed to put petitioner at the highest criminal history category, VI. After reviewing the criminal history record, the court concluded that because of the high number of criminal history points, lengthy

9

criminal career, and the seriousness of the prior criminal acts, the sentencing guidelines underrepresented petitioner's criminal history.  (April 19, 2004, Sentencing Hearing Tr. at 7, lines 11-25; 12, lines 1-23).  As required by United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992), the court articulated this reason at sentencing.  Id.

Because the defendant was already at the highest criminal history category, the court extrapolated from the existing sentencing table to determine the appropriate departure.  Under the sentencing guidelines and case law, if the court upwardly departs, it "should structure the departure by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case."  U.S.S.G. § 4A1.3(a)(4)(B); see Cash, 983 F.2d at 561. The court moved incrementally up the sentencing table to determine a proper sentence for petitioner, giving reasons why each additional level was necessary.  (April 19, 2004, Sentencing Hearing Tr. at 10-13).  As the court properly upwardly departed and documented its reasons for doing so, petitioner cannot show prejudice.  Petitioner has failed to show cause or prejudice for his procedural default on this issue.  Petitioner's § 2255 motion on this ground is **DENIED**.

**D.  Double Jeopardy**

Petitioner asserts that the upward departure violated his Fifth Amendment right to be free from double jeopardy. Again, because petitioner did not raise the issue on appeal, he must show cause and prejudice. See Frady, 456 U.S. at 167-68; Bousley, 523 U.S. at 623. Petitioner has not shown cause.

Even if petitioner could show cause, he cannot show prejudice. Petitioner alleges that he is being subjected to double jeopardy because he believes his sentence was enhanced twice for the same prior criminal history. Petitioner fails to understand the nature of the upward departure. The sentencing guidelines establish a system whereby defendants are sentenced based on their offense conduct and their criminal history. To calculate a defendant's criminal history level, defendants are assigned points for certain past criminal acts. Defendants are then assigned a criminal history level based on the number of criminal history points they have garnered. At thirteen criminal history points, a defendant is assigned the highest criminal history level, VI. For most defendants, a criminal history level scale that goes higher than VI is not needed, because most defendants do not have more than thirteen criminal history points. Rather than create a more extensive scale, the sentencing guidelines allow the court to upwardly depart when the defendant's criminal history level substantially underrepresents the seriousness of defendant's

criminal history. U.S.S.G. § 4A1.3(1). By upwardly departing, the court does not count the same criminal conduct twice. Instead, the court considers the criminal activities that are above and beyond those that resulted in the thirteen points needed to earn a criminal history level of VI. In essence, an upward departure based on underrepresentation of criminal history points takes into account all past criminal activity rather than just part of it. Plaintiff has failed to show cause or prejudice for his procedural default, and his § 2255 motion on this ground is **DENIED**.

### IV. Conclusion

For the reasons set forth above, petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **DENIED**. Petitioner is **ADVISED** that he may appeal by forwarding a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia, 23510. The written notice of appeal must be received by the Clerk within sixty (60) days of the date of this Opinion and Final Order.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to petitioner and the Assistant United States Attorney.

**IT IS SO ORDERED.**

                                           /s/Rebecca Beach Smith
                                           UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 29, 2005